DUNCAN McFADGEN and others v. J. T. COUNCIL and others.

*Bankruptcy—Creditor's Right.*

A creditor proving his claim in bankruptcy does not waive his right of action in the state court against the bankrupt, where a discharge has been refused or the proceedings determined without a discharge. This provision of the bankrupt act affects the remedy only, and applies to existing suits.

MOTION to dismiss the action heard at February Term, 1883, of THE SUPREME COURT.

*Messrs. Merrimon & Fuller,* for plaintiffs.
*Messrs. Hinsdale & Devereux,* for defendants.

RUFFIN, J. This cause has been standing for several terms upon exceptions to the report of a referee, but a motion was made at the last term, and argued at this, to dismiss the plaintiffs' suit, upon the ground that the principal defendant, John T. Council, has been adjudicated a bankrupt during its pendency, and the claim which is the subject of controversy has been proved against his estate in the bankrupt court, by the present holder thereof, thus waiving, as it is insisted, all right of action upon it in any other court.

In answer to the motion, the plaintiffs produce and rely upon a certified copy of the record of the bankrupt court, showing that

the said defendant has been refused his discharge by that court, and that the proceedings therein have been determined without his having obtained the same.

This is an old equity suit, conducted upon bill and answer, according to the former system, and the more regular course for the defendants to have proceeded would have been by a petition in the cause, or a supplemental answer, rather than by motion. But waiving all question as to the mode of proceeding, the motion to dismiss must fail upon legal grounds.

As originally drawn, the 21st section of the bankrupt act left some doubt as to the right of creditors to sue upon their claims elsewhere than in the bankrupt court, in case the bankrupt failed to procure his discharge; and there were several conflicting decisions in regard to the point. But with a view to render the law certain, that section was amended by the act of June 22, 1874, ch. 390, § 7, and it was expressly provided that "a creditor proving his claim shall not be held to have waived his right of action or suit against the bankrupt, when a discharge has been refused, or the proceedings have been determined without a discharge." This being a provision that affects the remedy only, it applies to existing suits as well as any other, and it entirely removes all doubt as to the right of the plaintiffs to maintain their action.

The defendants' motion is therefore overruled at their costs; and, understanding the defendants to say that they no longer insist upon their exceptions to the report, the same are overruled, and judgment will be entered here for the plaintiffs according to the report.

Per Curiam.                    Judgment accordingly.